**No. 57513.**—SUIT 4738.—R. P. Oldham Company *v.* United States.— —Abstract 56507 affirmed June 3, 1953. C. A. D. 528.

**No. 57514.**—SUIT 4757.—Voss Cutlery Co. *v.* United States.— —C. D. 1457 affirmed June 3, 1953. C. A. D. 526.

SEPTEMBER 29, 1953

**No. 57515.**—SUIT 4749.—Geo. S. Bush & Co., Inc. *v.* United States.— —C. D. 1429 modified June 3, 1953. C. A. D. 525.

SEPTEMBER 30, 1953

**No. 57516.**—SUIT 4758.—Avakian Bros., Inc. *v.* United States.— —C. D. 1453 affirmed June 17, 1953. C. A. D. 532.

BEFORE THE SECOND DIVISION, OCTOBER 8, 1953

**No. 57517.**—Davies, Turner & Co. and Niro Corp. *v.* United States, protest 190599–K (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of a Niro spray drying unit the same in all material respects as that the subject of *Davies Turner & Co.* and *Niro Corp.* v. *United States* (29 Cust. Ct. 248, C. D. 1477), the claim of the plaintiffs was sustained.

**No. 57518.**—Hugo Neu Corporation *v.* United States, protests 175688–K and 175689–K (New York).

Opinion by LAWRENCE, J. It was stipulated that certain items of the merchandise consist of lead scrap of which metal is the component material of chief value and that it is secondhand and fit only to be remanufactured. Upon the agreed statement of facts, it was held that the merchandise comes within the provisions of Public Law 869, *supra,* and is properly entitled to free entry.